IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY ALPHONSO, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-529-KD-M |
| ESFELLER OIL FIELD CONSTRUCTION | ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on plaintiff's "Motion for a New Trial or to Alter a Judgment" (doc. 87) filed April 2, 2009, wherein plaintiff moves the court for relief pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff first contends the portion of the court's order of March 24, 2009 concerning the award of pain and suffering "is contrary to the law and evidence" and seeks a new trial on the issue of damages. (Id)  In the alternative, plaintiff moves the court to alter or amend the damages award for pain and suffering.

The grounds for granting a Rule 59(e)[1] motion include the following: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law.  Fed. R. Civ. P. 59(e).  While Rule 59(e) gives discretion to the district court to

---

[1] "Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label." Rance v. D.R. Horton, Inc., 2008 WL 3864285, *3 (11th Cir. August 21, 2008) citing Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.1986); United States v. Eastern Air Lines, Inc., 792 F.2d 1560, 1562 (11th Cir.1986).

entertain a motion to alter or amend a judgment after its entry, it is well settled that it may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.1992).  Moreover, "a judgment will not be amended or altered if to do so would serve no useful purpose." Jacobs v. Electronic Data Systems Corp., 240 F.R.D. 595, 599 (M. D. Ala., 2007) citing  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, supra, § 2810.1, at 128.

      Plaintiff takes issue with the court's award of $5,000.00 for pain and suffering on the grounds, in sum, that the award is contrary to the evidence and the court's own findings that plaintiff has undergone "painful and dangerous" procedures and is "partially disabled."  (doc. 87 at 1)  Plaintiff further argues that the court's award disregards the pain an suffering of plaintiff during and after the accident.[2]  Specifically, plaintiff maintains that since the court found Mr. Alphonso unable to work between August 8, 2006 to June 25, 2007 as a result of his injuries, "it is more than feasible that [plaintiff] was in pain during this period."  (Id.)

      In making the determination of the award for pain and suffering the court took into consideration all the evidence presented at trial.  Considering plaintiff's blatant and unabashed overstatement of the persistence of his pain at trial, the court finds that its initial determination is fair and reasonable.  For example, the court was particularly unimpressed with the plaintiff's dramatic attempt to gain the court's sympathy by testifying that he was never able to pick up his children since the accident, in the face of video surveillance clearly showing him holding his

---

[2] Plaintiff also argues that "[p]erhaps due to the lack of live testimony at trial, the multiple ulnar nerve surgeries were not presented vividly enough to the court." (doc. 87 at 3) The law is clear, however, that the purpose of Rule 59 motions is not to relitigate old matters. See O'Neal v. Kennamer, 958 F.2d at 1047.

toddler daughter.  Because plaintiff has failed to show that the judgment of the court is erroneous under the parameters set forth in Fed. R. Civ. P 59(e), plaintiff's motion is DENIED.

DONE this the 6th day of April 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**